HUI ALALOA, Appellant-Appellant, *v.* PLANNING COMMISSION OF THE COUNTY OF MAUI and CAM MOLOKAI ASSO-CIATES, a Hawaii general partnership, Appellees-Appellees

NO. 10078

(CIVIL NO. 6046(1))

HUI ALALOA, Appellant-Appellant, *v.* PLANNING COMMISSION OF THE COUNTY OF MAUI and KALUA KOI CORPORA-TION, a Hawaii corporation, Appellees-Appellees

NO. 10079

(CIVIL NO. 6047(1))

AUGUST 23, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ

OPINION OF THE COURT BY WAKATSUKI, J.

CAM Molokai Associates (CAM) applied for a special management area use permit (SMA permit) under the Coastal Zone Management Act

(CZMA) to construct a 150-unit condominium project and related improvements near Kawakiunui Bay on Molokai. In conjunction with this development project, Kaluakoi Corporation (Kaluakoi) sought a SMA permit to develop a nearby beach park facility and access road. After contested case hearings and public hearings, the Maui Planning Commission granted both permits subject to a number of terms and conditions. The Second Circuit Court, in an appellate capacity, upheld the planning commission's decisions and orders.

Appellant Hui Alaloa contends that in both cases the planning commission committed numerous errors in contravention of the Coastal Zone Management Act, Hawaii Revised Statutes (HRS) Chapter 205A, and the Administrative Procedures Act (APA), HRS Chapter 91. Upon careful review of the entire record, we conclude that although the planning commission substantially complied with the CZMA and APA, it did err in one respect which requires reversal and vacation of the orders granting the SMA permits.

I

In 1977, the Legislature enacted the CZMA to provide for the effective planning, management, beneficial use, protection, and development of the coastal zones of our State. 1977 Hawaii Sess. Laws 396. In order to achieve these objectives, the legislature enacted a permit process to control the development of natural and man-made historic and pre-historic resources in the coastal zone management area that are significant in Hawaiian and American history and culture. HRS § 205A-2(b)(2)(A). Policies of the CZMA are to identify and analyze significant archaeological resources; maximize information retention through preservation of remains and artifacts or salvage operations; and support State goals for protection, restoration, interpretation, and display of historic resources. HRS § 205A-2(c)(2)(A)-(C).

The planning commission, in order to comply with the CZMA mandate, is required to make findings that the proposed development projects are consistent with these policies and objectives. Surface archaeological surveys prepared for CAM and Kaluakoi were presented to the planning commission. Additionally, testimony was given on behalf of all the parties. (Decision and Order 80/SMA-24 (hereinafter *D & O, CAM*) ¶¶50-55; Decision and Order 80/SMA-23 (hereinafter *D & O, Kaluakoi*) ¶¶53-56). The planning commission granted permits

to CAM and Kaluakoi conditioned upon retention of a qualified archaeologist to conduct a further survey and excavation of the area, and to "prepare a written report to maximize information retention through preservation or salvage of significant archaeological sites and to provide a plan for protecting, restoring, interpreting, and displaying historical resources either preserved on or salvaged from the subject areas." (*D & O, CAM* ¶¶56(a)(iii) and (iv); *D & O, Kaluakoi* ¶¶56 (a)(i) and (ii).) Under *D & O, CAM* ¶56(a)(iii), CAM's archaeologist is to determine the significance of various archaeological sites. In addition, CAM and Kaluakoi are required to "eliminate all grading or construction impact on any significant archaeological sites prior to salvage and preservation." (*D & O, CAM* ¶56(d); *D & O, Kaluakoi* ¶56(d)).

In view of the conditioned permits granted by the planning commission relative to the historical and archaeological resources of the areas, we fail to see how the planning commission concluded that the developments are consistent with the objectives of protecting and preserving historic and pre-historic resources. We emphasize that the CZMA mandates that this finding must *first* be made *before* a SMA permit can be issued. *See Mahuiki v. Planning Commission,* 65 Haw. 506, 654 P.2d 874 (1982).

We hold that imposing these self-serving conditions without requiring a hearing to review the additional study and survey by the commission is in error. The determination whether the development complies with the policies and objectives of the CZMA regarding historical and archaeological significance was, in essence, left to the applicants contrary to the statutory command governing the issuance of SMA permits. The statute clearly mandates the planning commission to make such determinations prior to the issuance of a SMA permit.

## II.

This unlawful delegation of duty is different from other conditions requiring the applicants to obtain approval from other government agencies such as the state department of health and county department of public works. Those agencies are not interested parties to the permit application. They have the expertise and objective criteria for granting or denying approval of the plans and construction of the development. Furthermore, state and county agencies are required to help enforce and implement CZMA by assuring that proposed development projects

requiring permits or approvals are consistent with the objectives and policies of CZMA. HRS § 205A-5. On the other hand, the applicants are not bound by such requirements.

The planning commission can, and apparently did find that approval by these agencies would ensure compliance with the CZMA.

### III.

We conclude that the evidence in the record is insufficient to support the planning commission's conclusion that the development will have no significant impact on any historical or archaeological sites.

We hold that all other contentions raised by Appellant in the appeals are without merit.

The granting of the permits is vacated and both cases are remanded for proceedings not inconsistent with this opinion.

*Isaac Hall* and *Karen Holt* on the briefs for appellant-appellant HUI ALALOA.

*Fred W. Rohlfing,* Deputy Corporation Counsel for appellee-appellee Planning Commission of the County of Maui.

*Jerry Michael Hiatt* (*A. Bernard Bays* with him on the brief; *Carlsmith, Wichman, Case, Mukai and Ichiki* of counsel) for appellee-appellee CAM MOLOKAI ASSOCIATES.

*James M. Sattler* and *Robert R. Scarlett* on the briefs for appellee-appellee KALUA KOI CORPORATION.